UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANTZ D. CONSEILLANT,

                Plaintiff,

        -against-

CAPT. WILLIAM, ET AL.,

                Defendants.

23-CV-5816 (LTS)

ORDER TO SHOW CAUSE
UNDER 28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained at the Otis Bantum Correctional Center on Rikers Island, filed this action *pro se*.[1] On July 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court directs Plaintiff, within 30 days of the date of this order, to show cause by declaration why the Court should not vacate the order granting his IFP application, pursuant to the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).

## PRISON LITIGATION REFORM ACT

The PLRA added the following three-strikes provision to the IFP statute:

[i]n no event shall a prisoner bring a civil action . . . [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court finds that Plaintiff has accumulated three "strikes" under the PLRA, and he therefore is barred under Section 1915(g) from filing a federal civil action IFP while he is a prisoner. *See Conseillant v. Contigulia*, No. 9:09-CV-0311 (TJM) (DRH) (N.D.N.Y. July 21, 2009) (dismissing the amended complaint for failure to state a claim on which relief

---

[1] At the time Plaintiff filed this action, he was detained at the Anna M. Kross Center on Rikers Island.

may be granted and for failure to comply with an order directing Plaintiff to file an amended

complaint that states a claim);[2] *Conseillant v. Volpe*, No. 9:00-CV-0565, ECF 22 (TJM) (GLD)

(N.D.N.Y. Feb. 19, 2002) (granting defendants' motion for judgment on the pleadings pursuant to

Fed. R. Civ. P 12(c) under Fed. R. Civ. P. 12(b)(6)'s standard for failure to state a claim on which

relief may be granted), *report and recommendation adopted*, ECF 23 (N.D.N.Y. Mar. 26, 2002);[3]

*Conseillant v. Bailey*, No. 01-CV-4518 (MBM) (S.D.N.Y. Aug. 29, 2001) (dismissing the

complaint for failure to state a claim on which relief may be granted under 28 U.S.C.

§ 1915(e)(2)(B)(ii)).

Because Plaintiff is barred under Section 1915(g), Plaintiff must either pay the $402.00 in

fees required to bring a civil action in this court or allege facts demonstrating that he is "under

imminent danger of serious physical injury." The complaint, however, does not set forth

allegations that Plaintiff is in imminent danger of serious physical injury.[4] Plaintiff's complaint

---

[2] In *Griffin v. Carnes*, the United States Court of Appeals for the Second Circuit held that "a dismissal on alternative grounds constitutes a strike where one of the grounds for dismissal would independently justify a strike and was 'a fully sufficient condition' for dismissal of all claims." No. 22-1134, 2023 WL 4279207, at * 2 (2d Cir. June 30, 2023) (per curiam) (citing *O'Neal v. Price*, 531 F.3d 1146, 1155-56 (9th Cir. 2008)). To the extent that the district court's dismissal of Plaintiff's claims was due to his failure to comply with the court's previous order directing him to amend his complaint to state a claim, the dismissal counts as a strike because the court's holding that the amended complaint fails to state a claim is a "fully sufficient condition for dismissal of all claims." *Id.* (internal quotation marks and citation omitted).

[3] In granting defendants' motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the district court applied the standard for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Conseillant*, No. 9:00-CV-0565, ECF 22, at 2-3; s*ee also Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) ("The standard for granting a [Rule] 12(c) motion for judgment on the pleadings is identical to that of a [Rule] 12(b)(6) motion for failure to state a claim."). Because "Rule 12(c) motions for judgment on the pleadings 'utilize the same standard applicable to Rule 12(b)(6) motions,' they also count as strikes." *Bradshaw v. City of New York*, No. 18-CV-8215 (ER), 2019 WL 2502036, at *2 (quoting *Ifill v. Evans*, No. 10-CV-1474, 2012 Lexis 197343, at *3 (N.D.N.Y. Feb. 13, 2023)).

[4] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

appears to consist of a list of dates and biblical references, and is largely incomprehensible. Nothing in the complaint suggests Plaintiff is in imminent danger of serious physical injury. Accordingly, Plaintiff has alleged no facts showing that this action qualifies for the exception to the Section 1915(g) filing bar.

## NOTICE AND OPPORTUNITY TO BE HEARD

The United States Court of Appeals for the Second Circuit favors providing to *pro se* litigants notice and opportunity to be heard before issuing a decision that is harmful to their interest. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore directs Plaintiff, within 30 days, to show cause by declaration that he has not filed, while he was a prisoner, three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will regard Plaintiff as subject to the Section 1915(g) filing bar, vacate the order granting his IFP application, and dismiss this action without prejudice. *See* 28 U.S.C. § 1915(g).[5]

---

[5] Even if Plaintiff commences a new action by paying the fees for such an action, that complaint will be subject to review under 28 U.S.C. § 1915A, which requires the court to dismiss any civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Plaintiff is also cautioned that any vexatious litigant may be barred from filing any future civil action in this court, regardless of his custody status, without first obtaining leave of court, pursuant to the court's general authority under 28 U.S.C. § 1651(a). *See In re Martin-Trigona*, 9 F.3d 226, 227-29 (2d Cir. 1993) (discussing various sanctions courts may impose upon vexatious litigants).

**CONCLUSION**

The Court directs Plaintiff, within 30 days, to show cause by declaration why the Court should not vacate the order granting the IFP application, pursuant to the PLRA's three-strikes provision, 28 U.S.C. § 1915(g). A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    August 14, 2023
          New York, New York

                                        /s/ Laura Taylor Swain
                                   _____
                                        LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FRANTZ DOMINIQUE CONSEILLANT,

                              Plaintiff,

                                                              9:09-CV-0311
        v.                                                    (TJM)(DRH)

ROOSEVELT LAFONTANT, Marine, U.S.
Military; *et al.,*

                              Defendants.

APPEARANCES:

**FRANTZ DOMINIQUE CONSEILLANT**
98-A-2204
Plaintiff, *pro se*

**THOMAS J. McAVOY**
**Senior U.S. District Judge**

### DECISION and ORDER

I.      **Background**

        Plaintiff Frantz Dominique Conseillant commenced this action by filing a *pro se* civil rights

complaint.  Dkt. No. 1.  By Order of this Court filed on April 8, 2009 ("April Order") defendant

Contiguglia was dismissed from this action because, as a Judge, he is absolutely immune from liability

in this Section 1983. Dkt. No. 4 at 3, 5.  The April Order also observed that: (1) plaintiff failed to allege

that any of the defendants named in the complaint were personally involved in the alleged violation of

plaintiff's constitutional rights and (2) the allegations in the complaint were "so sparse as to make it

nearly impossible for the Court or the Defendants to assess the adequacy of his claims or for Defendants

to adequately respond thereto."[1]  *Id*. at 4.  In light of his *pro se* status, plaintiff was afforded an

---

[1] The Court noted that while plaintiff appeared to claim that his constitutional rights had been
violated, "the circumstances and perpetrators of those violations [were] not readily apparent, nor [did]
Plaintiff identify what injuries he may have suffered."  Dkt. No. 4 at 4.

opportunity to submit an amended complaint. *Id*. at 6. Presently before the Court is plaintiff's amended complaint.[2] Dkt. No. 5. Initially, the Court notes that plaintiff did not include Roosevelt Lafontant or Theodore C. Zerniak as defendants in his amended complaint, stating that they are "dismissed ... cause of lack of evidence." *Id*. at 1. "John Does One Through Seven" are also not included as defendants in the amended complaint. *Id*. Plaintiff has, however, named twenty-four new defendants. *Id*. at 6-7. The amended complaint will be reviewed with respect to the twenty-four new defendants. Upon review of the amended complaint, the Court finds that plaintiff has not complied with the April Order and has not alleged sufficient facts to state a claim for which relief may be granted under 42 U.S.C. § 1983.

## II.    Discussion

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly v. Bell Atlantic Corp*., 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S.Ct. at 1949 (citing *Twombly*, 127 S.Ct. 1955). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft*, 129 S.Ct. at 1949 (citing Fed. Rule Civ. Proc. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully

---

[2] Plaintiff's amended complaint is **not signed**.

-harmed-me accusation." *Ashcroft*, 129 S.Ct. at 1949. Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal citations and alterations omitted). Allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, No. 08-0102-cv, 2009 WL 1762856, at *1 (2d Cir. Jun. 23, 2009).

Plaintiff's amended complaint is bereft of dates, names, and any meaningful description of what actually occurred or who committed what action and fails to give defendants "fair notice" of the grounds upon which plaintiff's claims are based. Significantly, the amended complaint's failure to provide such notice followed a district court order that, in dismissing plaintiff's original complaint, explained its deficiencies and provided plaintiff with an opportunity to cure the defects. The order also advised plaintiff that failure to do so would result in dismissal. Plaintiff has not complied with the Court's directions set forth in the April Order. Plaintiff has again failed to allege personal involvement of **any** defendant in any alleged wrongdoing. Moreover, it is again difficult to discern what, if any, wrongdoing, plaintiff is attempting to allege in his amended complaint. His amended complaint contains a litany of conclusory statements which amount to nothing more than legal conclusions and hollow allegations that all of the defendants harmed plaintiff. Examples of plaintiff's allegations include: (1) "Correctional staff started violating my constitutional rights and I did not know exactly who the people were" (Dkt. No. 5 at 3); (2) "I spoke to or wrote to the 24 defendants again and again and they were all deliberately indifferent and I ended up getting hurt physically in the process (*id*.); (3) the defendants all "had actual and constructive knowledge of policies, procedures, protocols of the N.Y.S D.O.C. U.S.A and all the defendants knew my constitutional rights would be violated cause this is how normally political activitist [*sic*] and political active inmates are traditionally and customarily handled,

3

treated and dealt with all the time inside and outside of prison and there exist herstorical [*sic*] facts" (*id*. at 4); and (4) "[d]efendants did absolutely nothing before and after my injuries and violations. Exact dates are unknown to the petitioner" (*id*. at 5). None of these allegations meet the standards set forth in either *Twombley v. Bell Atlantic Corp*. or *Ashcroft v. Iqbal*. Even after allowing for due deference to a *pro se* plaintiff, plaintiff's conclusory allegations are insufficient to give defendants "fair notice" of his claims.

Not only are plaintiff's claims subject to dismissal pursuant to Rule 8, but any vague claims that can be discerned are also subject to dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b) for failure to state a claim upon which relief may be granted.

### A. Unfiled grievances

Plaintiff alleges that his "grievances went unfiled and unanswered." Dkt. No. 5 at 4. "Inmates do not have a constitutional right to have grievances processed or to ensure that grievances are processed properly." *Farid v. Demars*, 9:06-CV-1545, 2009 WL 455450, at *6 (N.D.N.Y. Feb. 23, 2009) (citing *Torres v. Mazzuca*, 246 F. Supp.2d 334, 342 (S.D.N.Y. 2003) (prison grievance procedures do not confer any constitutionally protected right on an inmate)). Thus, to the extent that plaintiff alleges that grievances were not processed or were not processed properly, plaintiff fails to state a constitutional claim.

### B. False misbehavior reports

Plaintiff alleges that he was "written up on false misbehavior reports." Dkt. No. 5 at 4. However, the mere allegation that a defendant filed false disciplinary charges is insufficient to state a claim for the violation of a plaintiff's rights. "[A] prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862

(2d Cir. 1997) (citation omitted).

### C.     Medical issues

Plaintiff claims that he was "getting poisoned with a unknown substance" which was "diagnosed as fungal" and he has "been getting treated for it ever since."  Dkt. No. 5 at 3.  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend VIII.  This includes punishments that "involve the unnecessary and wanton infliction of pain."  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Mere disagreement with prescribed treatment does not rise to the level of a constitutional claim.  *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y.1992). Prison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates. *Id.* (citations omitted).  An inmate does not have the right to treatment of his choice.  *Id.* (citing *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir.1986).  Negligence by physicians, even amounting to malpractice, does not become a constitutional violation  merely because the  plaintiff is an inmate; claims of malpractice or disagreement with treatment are not actionable under § 1983.  *Murphy v. Grabo*, No. 94-CV-1684, 1998 WL 166840, at *4 (N.D.N.Y. Apr. 9, 1998) (Pooler, D.J.).

The fact that plaintiff states that he has "been treated ... ever since" once his condition was diagnosed as "fungal" contradicts any claim that there was deliberate indifference to plaintiff's medical needs in that regard.  Plaintiff allegation that he "did not receive [his] annual Hiv-test two years straight" also does not rise to the level of a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285 (1976) ("[T]he question of whether ... [a] diagnostic technique [ ] ... is indicated is a classic example of a matter for medical judgment. A medical decision not to order ... like measures[ ]

does not represent cruel and unusual punishment. At most it is medical malpractice...."); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp.2d 303, 312 (S.D.N.Y. 2001) (prisoner's "disagreements over ... diagnostic techniques (e.g., the need for X-rays) ... are not adequate grounds for a section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.") (citation omitted). Additionally, plaintiff does not allege personal involvement by any of the defendants with respect to this wrongdoing.

### D.    Denial of access to courts

Construing plaintiff's amended complaint liberally, plaintiff claims that he is being denied access to the courts because of mail tampering. Dkt. No. 5 at 4. In support of his claim, plaintiff states that he "filed a motion to the Western district N.Y.S. for a Fed. R. Civ. P. # 16 and receive absolutely no response ... since [he] originally filed suit Conseillant v. Worle 06-CV-6535 W.D.N.Y." *Id*. All persons, including prisoners, have a constitutional right of access to the courts. *See Monsky v. Moraghan*, 127 F.3d 243, 246 (2d Cir. 1997). To establish a violation of this right, "a plaintiff must demonstrate that a defendant caused 'actual injury,' i.e., took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" *Id*. at 247 (quoting *Lewis v. Casey*, 518 U.S. 343, 349 (1996)). A search of the Federal Judiciary's Public Access to Court Electronic Records Service (PACER) for plaintiff's Western District case number 06-CV-6535 finds that plaintiff filed a motion to compel in that case as recently as March 5, 2009 and on April 27, 2009 was issued notice from the Court that a Rule 16 Conference had been scheduled. *Conseillant v. Worle*, No. 6:06-CV-06535 (W.D.N.Y.) (docket report). Plaintiff also filed interrogatories on June 2, 2009. *Id*. In light of the ongoing activity in the Western District case, plaintiff alleges no actual injury in connection with his access to the courts claim and therefore fails to state a claim pursuant to Section 1983.

### III. Conclusion

Upon review, the Court finds that plaintiff has entirely failed to comply with the Court's April Order because the amended complaint does not allege personal involvement in any wrongdoing by any of the defendants and does not give "fair notice" of plaintiff's claims. Plaintiff has also not alleged sufficient facts in his amended complaint to state a claim for which relief may be granted under 42 U.S.C. § 1983.  Therefore, this action is dismissed, without prejudice.

**WHEREFORE**, for the above-stated reasons, it is hereby

**ORDERED**, that this action is dismissed without prejudice due to plaintiff's failure to comply with this Court's April and for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on plaintiff by regular mail.

Dated:July 20, 2009

Thomas J. McAvoy
Senior, U.S. District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

FRANTZ (FRANK) CONSEILLANT,

                                    Plaintiff,

        vs.                                                9:00-CV-565
                                                           (J. McAvoy)
J. FASCE, Correctional Officer, Auburn
Correctional Facility; A. VOLPE,
Correctional Officer, Auburn Correctional
Facility,

                                    Defendants.

_____

APPEARANCES                         OF COUNSEL

FRANTZ CONSEILLANT
Plaintiff pro se
98-A-2204
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

ELIOT SPITZER                       SENTA B. SIUDA
Attorney General of the             Asst. Attorney General
State of New York
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

GUSTAVE J. DI BIANCO, Magistrate Judge

U.S. DISTRICT COURT N.D. OF N.Y.

FEB        2002

AT _____ O'CLOCK _____
Lawrence K. Baerman, Clerk – Syracuse

COPIES SENT
By
Date

# REPORT-RECOMMENDATION

This matter has been referred to the undersigned for Report and Recommendation by the Honorable Thomas J. McAvoy, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this civil rights complaint, plaintiff alleges that defendants retaliated against him after he filed a grievance against them for sexual harassment.

Plaintiff seeks injunctive and substantial monetary relief.

Presently before the court is defendants' motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). (Docket # 17). For the following reasons, this court agrees with defendants, but will recommend granting the motion without prejudice.

# DISCUSSION

## 1. Judgment on the Pleadings

After the pleadings are closed, a motion to dismiss for failure to state a claim is properly brought as a motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). *Maggette v. Dalsheim*, 709 F.2d 800, 801 (2d Cir. 1983) (citations omitted). *See* FED. R. CIV. P. 12(b), 12(c) and 12(h)(2). The motion for judgment on the pleadings is then treated according to the same standard as a motion under Rule 12(b)(6). *Id.*

2

A court may not dismiss an action pursuant to Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994)(citing *inter alia Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must accept the material facts alleged in the complaint as true. *Id.* (citing *Cooper v. Pate*, 378 U.S. 546 (1964)(per curiam)). In determining whether a complaint states a cause of action, great liberality is afforded to *pro se* litigants. *Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)(citation omitted). When considering a motion to dismiss for failure to state a claim, the court may consider the complaint, together with any documents attached as exhibits or incorporated by reference. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1998).

## 2. <u>Facts</u>

In this very sparse complaint, plaintiff alleges that after he was admitted to the Protective Custody Unit at Auburn Correctional Facility, Corrections Officers Fasce, Volpe, and Knox told plaintiff that they discovered that he had a 1992 prostitution charge on his criminal record. Plaintiff alleges that defendants Fasce and Volpe subsequently began to sexually harass plaintiff. Plaintiff states that as a result of this alleged harassment, he filed a grievance against defendants Fasce and

3

Volpe.  However, plaintiff claims that in retaliation for filing the grievance, the defendants stopped feeding him, giving him showers, and wrote "bogus" misbehavior reports against him.

The next paragraph of plaintiff's complaint seems to allege that another inmate threatened plaintiff's life, and plaintiff assaulted the other inmate.  Plaintiff states that he was ultimately charged with the assault and possession of a weapon.  Plaintiff claims that as a result, he is now serving twenty years to life.

### 3. **Retaliation**

Retaliation is a viable claim when plaintiff alleges that administrative actions were taken in retaliation for the exercise of a constitutional right. *See Franco v. Kelly*, 854 F.2d 584, 588-90 (2d Cir. 1988).  The Second Circuit has revisited the issue of retaliation claims. *Dawes v. Walker*, 239 F.3d 489 (2d Cir. 2001).  In *Dawes*, the court stated that courts must approach claims of retaliation "with skepticism and particular care." *Id.* at 491 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

The court in *Dawes* stated that in order to survive summary dismissal, the plaintiff must advance "non-conclusory" allegations establishing

> (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the

protected speech [or conduct] and the adverse action.

*Id.* at 492 (citations omitted). Additionally, the retaliatory action must be sufficient to "deter a similarly situated individual of ordinary firmness from exercising his or her constitutional right." *Id.* at 493. Conclusory allegations, however, are insufficient to state a claim for relief under section 1983. *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987).

In this case, defendants argue that the court should dismiss the action because plaintiff's claims of retaliation are conclusory. It is true that plaintiff's claims of retaliation have basically no time frame, nor does he include any factual description of how "they" denied him showers or how "they" stopped feeding him. Additionally, plaintiff seems to admit that he did stab another inmate with unwrapped pens, although he seems to claim that it was because the inmate threatened his life. However, the fact that plaintiff stabbed another inmate negates the claim that the misbehavior report was "bogus," regardless of whether plaintiff may have claimed that he acted in self defense.

Thus, as the complaint is written, it fails to state a proper claim for retaliation. The Second Circuit has held stated, however, that when the court dismisses a pro se action on the pleadings, the plaintiff should be given an opportunity to amend his complaint to state a claim. *See Frasier v. General Electric Co.*, 930 F.2d 1004,

5

1007 (2d Cir. 1991) (citations omitted)(court should not dismiss without granting leave to amend at least once when the complaint gives "any indication" that a valid claim may be stated).  If, in fact, defendants stopped feeding plaintiff because he filed a grievance against them, plaintiff might be able to state a claim.  It is well-settled that filing a grievance is a protected activity. *See Morales v. Dr. Mackalm*, No. 00-113, slip op. at 515 (2d Cir. Jan.28, 2002)(citing *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996)).  However, because there is no explanation of the events surrounding these conclusory allegations, the court is constrained at this time to recommend dismissal.[1]

### 4. **Eleventh Amendment**

Defendants argue that plaintiff has named them in their official capacities. Although the court does not find this to be the case, insofar as the complaint may be interpreted as making claims against defendants in their official capacities, the complaint may be dismissed.  It is now well-settled that the state itself cannot be sued under section 1983. *Komlosi v. New York State OMRDD*, 64 F.3d 810, 815

---

[1] The court does note that plaintiff has attempted to amend his complaint three times after defendants filed their motion for judgment on the pleadings. Unfortunately, none of plaintiff's attempts complied with the local rules, and they were all made ***after*** the time for non-dispositive motions had passed.  If plaintiff should attempt to amend his complaint, he must submit a copy of an unsigned proposed amended complaint for the court's review.  Plaintiff must file a motion to amend, serve defense counsel, and submit an unsigned proposed amended complaint for the court's review.

6

(2d Cir. 1995)(citing *Will v. Michigan Department of Police*, 491 U.S. 58, 71

(1989)). This is true whether the court is considering Eleventh Amendment

immunity or a statutory interpretation of section 1983. *Id.* at 815 n.3. An action

against state officers in their official capacities is tantamount to an action against the

state. *Yorktown Medical Laboratory v. Perales*, 984 F.2d 84, 87 (2d Cir. 1991).

Thus, to the extent that plaintiff's complaint may be read to allege claims in the

defendants' official capacities, the complaint may be dismissed with prejudice since

plaintiff will not be able to amend in any way that would allow an official capacity

action against these two individuals.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED,** that defendants' motion for judgment on the pleadings

(docket # 17) be **GRANTED,** and the complaint **DISMISSED WITHOUT**

**PREJUDICE AS TO THE RETALIATION CLAIM,** and it is further

**RECOMMENDED,** that the defendants' motion for judgment on the

pleadings (docket # 17) be **GRANTED,** and the complaint **DISMISSED WITH**

**PREJUDICE AS TO ANY OFFICIAL CAPACITY CLAIMS**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have

ten days within which to file written objections to the foregoing report. Such

objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO**

7

AO 72A
(Rev.8/82)

**THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February *19* , 2002

_____
United States Magistrate Judge

8

CLOSED

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:01-cv-04518-MBM

Conseillant v. Bailey
Assigned to: Judge Michael B. Mukasey
Demand: $0
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 05/29/2001
Date Terminated: 08/29/2001
Jury Demand: Plaintiff
Nature of Suit: 555 Prisoner: Prison
Condition
Jurisdiction: Federal Question

**Plaintiff**

**Frantz Dominique Conseillant**                represented by    **Frantz Dominique Conseillant**
(# 98-A-2204)
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871-2000
PRO SE

V.

**Defendant**

**Bailey**
*of Gang Intelligence, N.Y.C. Rikers Island*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/29/2001 | 1 | DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS by Frantz Dominique Conseillant. (db) (Entered: 06/04/2001) |
| 05/29/2001 | | Magistrate Judge Frank Maas is so designated. (db) (Entered: 06/04/2001) |
| 05/29/2001 | 2 | COMPLAINT filed. (db) Modified on 06/04/2001 (Entered: 06/04/2001) |
| 05/29/2001 | 3 | 60 DAYS ORDER: Plaintiff's request to proceed in forma pauperis is granted and the Clerk of Court is directed to assign a docket number to this complaint. Plaintiff is directed to submit an amended complaint within sixty (60) days of the instant Order as further set forth in the order. The plaintiff is hereby directed to file an amended complaint, in his amended complaint, plaintiff must name the specific individuals directly or personally involved in any constitutional violation he claims. Plaintiff is granted sixty (60) days to amend his complaint. Should plaintiff decide to file an amended complaint, it must be submitted to this Court's Pro Se Office within 60 days of the date of this order, be captioned as an "Amended Complaint" and bear the same docket number as this Order. A copy of this Order must be attached to the amended complaint. Plaintiff is advised that his amended complaint will completely replace his origional complaint. No summons shall be issued at this time and all further proceedings shall be stayed for sixty days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed. Once submitted, the amended complaint shall be reviewed for compliance with this Order and substantive sufficiency and then, if proper, the case shall be reassigned to a district judge in accordance with the procedures of |

| | | |
|---|---|---|
| | | the Clerk's Office. If the case is reassigned, a copy of this Order shall be served with the summons and amended complaint. I certify pursuant to 28 U.S.C. 1915(a) that any appeal from this Order would not be taken in good faith. ( signed by Chief Judge Michael B. Mukasey ) Copies mailed. (db) (Entered: 06/04/2001) |
| 06/20/2001 | 4 | AMENDED COMPLAINT by Frantz Dominique Conseillant : amending [2-1] complaint (sac) (Entered: 06/28/2001) |
| 08/29/2001 | 5 | Order of dismissal of complaint in forma pauperis under 28 U.S.C. section 1915(a)(1) without prejudice purs to 28 U.S.C. section 1915(e)(2)(b)(ii). I certify purs to 28 U.S.C. section 1915(a)(3) that any appeal from this Order would not be taken in good faith; ( signed by Chief Judge Michael B. Mukasey ) (djc) (Entered: 08/30/2001) |
| 08/29/2001 | | Case closed. (djc) (Entered: 08/30/2001) |
| 08/29/2001 | 6 | JUDGMENT; purs. to the Order issued 8/29/01 by Judge Mukasey, the amended complaint is dismissed. 28 U.S.C. Sec. 1915(e)(2). I certify that any appeal from the Court's Order would not be taken in good faith. ( signed by Chief Judge Michael B. Mukasey ); Mailed copies and notice of right to appeal. Entered On Docket: 8/30/01. (sn) (Entered: 08/30/2001) |
| 10/01/2001 | 7 | NOTICE OF APPEAL by Frantz Dominique Conseillant ; from [6-1] judgment order . Copies of notice of appeal mailed to Attorney(s) of Record: Corporation Counsel. *(I.F.P. REVOKED 8/30/01)* *($105.00 APPEAL FILING FEE DUE)*. (dt) (Entered: 10/10/2001) |
| 10/10/2001 | | Notice of appeal and certified copy of docket to USCA: [7-1] appeal by Frantz Dominique Conseillant ; Copy of notice of appeal sent to District Judge. (dt) (Entered: 10/10/2001) |
| 10/11/2001 | 8 | Notice that the record on appeal has been certified and transmitted to the U.S. Court of Appeals: [7-1] appeal by Frantz Dominique Conseillant. (dt) (Entered: 10/11/2001) |
| 10/11/2001 | | Indexed record on appeal files sent to the U.S.C.A. (dt) (Entered: 10/11/2001) |
| 08/05/2003 | 9 | MANDATE OF USCA (certified copy) Re: DISMISS [8-1] recommendations appeal. Notice having been sent dirceting that within 30 days from the date of notice, either the entire fee $105.00 be paid of a financial affidavit & prisoner authorization form be completed and submitted to this court. The appellant not having proceeded, ORDERED that the appeal is DISMISSED. MANDATE CERTIFIED 7/31/03, 01-0255 MACKECHNIE, CLERK, USCA (pr) (Entered: 08/06/2003) |
| 04/12/2004 | | USCA Appeal Fees received $ 105.00 receipt number E504765 on 4/5/04 re: 7 Notice of Appeal filed by Frantz Dominique Conseillant. (dt, ) (Entered: 04/12/2004) |
| 02/08/2005 | 10 | MANDATE of USCA (Certified Copy) as to 7 Notice of Appeal filed by Frantz Dominique Conseillant, USCA Case Number 01-0255-pr. Ordered that the appeal is DISMISSED. MACKECHNIE, Clerk USCA. Certified: 2/7/05. (pr, ) (Entered: 02/09/2005) |
| 02/09/2005 | | Transmission of USCA Mandate/Order to the District Judge re: 10 USCA Mandate. (pr, ) (Entered: 02/09/2005) |
| 08/05/2005 | | Appeal Record Returned. Indexed record on Appeal Files for 7 Notice of Appeal filed by Frantz Dominique Conseillant, USCA Case Number 01cv4518, returned from the U.S. Court of Appeals. (nd, ) (Entered: 08/08/2005) |